SPENCER P. HUGRET (SBN 240424)
shugret@grsm.com
HAILEY ROGERSON (SBN: 311918)
hrogerson@grsm.com
GREG GRUZMAN (SBN: 245701)
ggruzman@grsm.com
MARIA NOZZOLINO (SBN: 302368)
mnozzolino@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:   (415) 986-5900
Facsimile:   (415) 986-8054

Attorneys for Defendant
FORD MOTOR COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO PELAYO MARTINEZ, an individual, and SARA ABIGAIL PELAYO, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> FORD MOTOR COMPANY, a Delaware Corporation, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. <br><br> **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446** <br><br> State Court Complaint Filed: December 8, 2020 <br><br> Removal Date: February 22, 2021 |

-1-
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

# NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FORD MOTOR COMPANY ("Ford"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. SCV-267516 of the Superior Court of California, County of Sonoma. In support of this removal, Ford states as follows:

## I.   THE REMOVED CASE

1.   The removed case is a civil action commenced in the Superior Court of California, County of Sonoma by Plaintiffs LUIS ALBERTO PELAYO MARTINEZ and SARA ABIGAIL PELAYO ("Plaintiffs") against Ford, entitled *Luis Alberto Pelayo Martinez and Sara Abigail Pelayo v. Ford Motor Company, et al.*, Case No. SCV-267516 (the "State Action"). The named Defendant is Ford. (*See* **Exhibit A** to Declaration of Hailey M. Rogerson ("Rogerson Decl."), filed concurrently herewith.)

2.   Plaintiffs filed the State Action on December 8, 2020, asserting breach of implied and express warranty under California's Song-Beverly Consumer Warranty Act, based on their purchase of a 2018 Ford Focus, VIN 1FADP3F24JL241427 ("Vehicle"). (*See* Exh. A *generally,* and Rogerson Decl., ¶4.)

3.   As it has been less than one year since the commencement of the action, removal is proper under 28 U.S.C. § 1446(c)(1).

## II.   PROCEDURAL REQUIREMENTS

4.   Generally, a defendant has thirty (30) days from the date of service of a copy of the Complaint to remove a case. (28 U.S.C. § 1446(b).) However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from the date of service or receipt of a copy of an amended pleading, motion, order

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§§ 1332, 1441, 1446

*or other paper from which it may first be ascertained that the case is one which is or has become removable* to remove a case. (28 U.S.C. § 1446(3).) (Emphasis added.) Ford was served with a copy of the Complaint on December 10, 2020. (Rogerson Decl., ¶5.) The Complaint does not contain any means of ascertaining the amount in controversy. (Rogerson Decl., ¶5, **Exh. A** *generally*.)

5. On January 21, 2021, Ford received a copy of the Retail Installment Sales Contract ("RISC") from Hansel Ford Lincoln Mazda, the dealership that sold the Vehicle. (Rogerson Decl., ¶6, **Exh. B**.) After obtaining the RISC, counsel for Ford was able to determine the purchase price of the Vehicle and, accordingly, the amount in controversy. (Rogerson Decl., ¶7, **Exh. C**.)

6. Thirty (30) days from receipt of the RISC was February 20, 2021. As February 20, 2021 was a Saturday, this Notice of Removal is timely filed pursuant to Fed. R. Civ. Proc. 6(a) and Cal. Rules of Court, Rule 1.10(b).

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhs. D-I** to the Rogerson Declaration filed herewith.

8. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California because this district embraces the place in which the State Action has been pending.

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Sonoma promptly after filing of same in this Court.

10. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

11. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly

DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

removable.

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or particompany, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III.  THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

13. For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

14. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" (*Ibarra v. Manheim Invs., Inc.* (9th Cir. 2015) 775 F.3d 1193, 1195 (quoting *Dart Cherokee Basin Opecompanyting Co., LLC v. Owens* (2014) 135 S. Ct. 547, 554.) "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." (*Dart Cherokee Basin Opecompanyting Co., LLC v. Owens,* 135 S. Ct. at 553.)

15. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." (*Abrego v. Dow Chem. Co.*, (9th Cir. 2006) 443 F.3d 676, 690.) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. (*Id.*) Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides,

by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." (*Ibarra v. Manheim Invs., Inc.*, 775 F.3d at 1195.) At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." (*Abrego v. Dow Chem. Co.*, 443 F.3d at 691.) (internal citation omitted.)

16. Ford disputes it is liable for any damages whatsoever to Plaintiffs. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. (*See Guglielmino v. McKee Foods Corp.* (9th Cir. 2007) 506 F.3d 696, 699.) The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. (*Id.*)

17. In this products liability case, Plaintiffs seek both monetary and equitable relief. Plaintiffs allege breach of express and implied warranties under the Song-Beverly Consumer Warranty Act. (*See* Rogerson Decl., **Exh. A.**)

18. Plaintiffs allege that on or about November 15, 2018, they purchased a 2018 Ford Focus and that, subsequent to purchase, developed "serious defects and nonconformities to warranty including, but not limted to, the transmission, engine, and structural system defects." (Rogerson Decl., **Exh. A**, ¶¶8-9.)

19. Plaintiffs further allege they are entitled to relief under the Song-Beverly Act including: rescission of the purchase contract and restitution of all monies expended, all incidental, consequential and general damages, costs and expenses, attorney's fees, and a civil penalty of up to two times the amount of actual damages. (Rogerson Decl., **Exh. A**, p. 7, Prayer for Relief.)

20. The amount in controversy calculation includes civil penalties under the Song-Beverly Act. (*Brady v. Mercedes-Benz USA, Inc.* (N.D. Cal. 2002) 243 F. Supp. 2d 1004, 1009.)

21. The amount in controversy also includes reasonable estimates of attorney's fees. (*Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d at 700;

1    *Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1156.)

2        22.    The purchase price of the vehicle was $23,894.25. (Rogerson Decl., ¶8.) This amount does not include the negative equity on Plaintiffs' trade-in, the non-recoverable manufacturer's rebate or the finance charge. (*Id.*)

        23.    The Song-Beverly Act allows for the recovery of incidental and consequential damages, which regularly exceed $3,500. (Hugret Decl. ¶6.)

        24.    Even before taking attorney's fees into account, if Plaintiffs were to prevail on their Song-Beverly claims, they could be awarded damages in excess of $75,000.00 if awarded statutory civil penalties. Plaintiffs' actual damages of $27,394.25 (*i.e.*, the purchase price of the Vehicle plus estimated incidental and consequential damages of $3,500) plus $54,788.50 as a 2x civil penalty pursuant to the Song-Beverly Act, totals **$82,182.75**. (Rogerson Decl. ¶¶9-11.)

### IV.    DIVERSITY OF CITIZENSHIP EXISTS

        25.    For diversity purposes, a person is a "citizen" of the state in which he is domiciled. (*See Kantor v. Wellesley Galleries, Ltd.*, (9th Cir. 1983) 704 F.2d 1088; *see also LeBlanc v. Cleveland*, (2d Cir. 2001) 248 F.3d 95, 100.) (citizenship determined at time lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, (1st Cir. 1991) 946 F.2d 8, 10.) A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. (*See Kanter v. Warner-Lambert Clew & Moss*, (9th Cir. 1986) 797 F.2d 747, 749-50.)

        26.    Plaintiffs are, and were at the time of filing the Complaint, citizens and residents of California. (*See* Rogerson Decl., **Exh. A**, ¶2.) (*Ervin v. Ballard Marine Const., Inc.,* U.S.Dist.LEXIS 106507, at *8 [internal citations omitted] (holding that for diversity purposes plaintiff is a citizen of the state in which her or she resides in the absence of evidence to the contrary).)

        27.    Ford is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts.

-6-
DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§§ 1332, 1441, 1446

(*See* Excerpt from Ford's 2018 Form 10-K filing, **Exhibit J** to Rogerson Decl.; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

28. Accordingly, complete diversity exists between Plaintiffs and Ford.

## V.    CONCLUSION

29. Consequently, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of attorney fees, interest and costs.

Dated: February 22, 2021

Respectfully submitted,

*/s/ Spencer P. Hugret*
Spencer P. Hugret, Esq.
Hailey M. Rogerson, Esq.
Greg Gruzman, Esq.
Maria Nozzolino, Esq.

*Attorneys for Defendant*
FORD MOTOR COMPANY